333 A.2d 790
COMMONWEALTH of Pennsylvania
v.
David H. STRACHAN, Appellant.

Supreme Court of Pennsylvania.
March 18, 1975.

408

Harry F. Schmoll, Jr., State College, for appellant.

Joseph M. Stanichak, Asst. Dist. Atty., Beaver, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

This petition for allowance of appeal [1] presents the questions of whether petitioner received the effective assistance of counsel at his trial and whether there is sufficient evidence to support his conviction of arson. For the reasons stated below, we grant the petition limited to the issue of ineffective assistance of counsel, vacate the judgment of sentence, and remand to the trial court for an evidentiary hearing.

Appellant was convicted of arson after a jury trial. He was then informed of his right to appointed counsel on appeal and his trial counsel was appointed to represent him on appeal if he desired the assistance of counsel. Appellant chose instead to prosecute his appeal to the Superior Court pro se, raising only the sufficiency of the evidence to support his conviction.[2] The Superior Court affirmed. 228 Pa.Super.Ct. 787, 315 A.2d 299 (1974). Because the claim of the ineffective assistance of counsel is presented for the first time in the petition for allowance of appeal, the Commonwealth contends that it is unavailable here. On this record, we cannot agree.

As a general rule, failure to raise an issue in a criminal proceeding does not constitute a waiver where the defendant is not represented by counsel in that proceeding. See *Commonwealth v. Wilson*, 444 Pa. 433, 435,

1. Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 204(a), 17 P.S. § 211.204(a) (Supp.1974).

2. At appellant's request, new counsel was appointed for preparation of a petition for allowance of appeal.

410

283 A.2d 78, 80 (1971). This rule does not apply where, as here, the defendant knowingly and intelligently waived representation by counsel. Id. In the particular circumstances of this case, however, we believe that the principle involved does have application to the claim of ineffective assistance of counsel.

██ The counsel whose representation appellant declined was his trial counsel. In *Commonwealth v. Dancer*, 460 Pa. 95, 100, 331 A.2d 435, 438 (1975), we observed that "it is unrealistic to expect trial counsel on direct appeal to argue his own ineffectiveness," and held that where the same counsel represents a defendant at trial and on direct appeal the issue of ineffective counsel is not waived by failure to raise it on direct appeal. Similarly, it is unrealistic to expect counsel to advise his client that he was ineffective or to expect a layman to ferret out instances of ineffectiveness without the assistance of counsel. Therefore a defendant who declines the assistance of his trial counsel on appeal and proceeds pro se cannot be deemed to have waived the issue of ineffective assistance of counsel simply because he failed to raise it in his uncounseled appeal.

██ Appellant's claims of ineffective assistance of counsel are of two basic types. He first contends that counsel failed to pursue any substantial attempt to weaken the testimony of the prosecution's key witness, despite the availability of several possibly promising lines of attack on her ability to identify appellant and the necessity of undermining this testimony as the only method of furthering appellant's case. The record is inadequate to enable us to resolve this claim and we therefore find it necessary to remand the case to the trial court for an evidentiary hearing on whether counsel's limited cross-examination of the Commonwealth's witnesses had any reasonable basis designed to effectuate his client's interests. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967).

Appellant also urges that counsel was ineffective because he failed to call certain witnesses who were allegedly present in the courtroom. Because this contention rests on grounds not in the record, it would normally be unavailable on appeal. See *Commonwealth v. Dancer*, supra. However, as a hearing on ineffective assistance of counsel will be necessary in any event, we see no point in postponing consideration of this claim until post-conviction proceedings. This claim also should be presented to the trial court on remand.

The judgment of sentence is vacated and the case remanded to the trial court to hold an evidentiary hearing on whether appellant received effective assistance of counsel at his trial. If the court finds that he did not receive effective assistance of counsel, a new trial is awarded. If it finds that he did receive effective assistance of counsel, the judgment of sentence should be reinstated. An appeal from the determination may be taken to the Superior Court.

JONES, C. J., dissents.