430 A.2d 690

**COMMONWEALTH of Pennsylvania**

v.

**William Francis BROWN, Sr., Appellant.**

Superior Court of Pennsylvania.

Submitted March 6, 1980.

Filed May 29, 1981.

William F. Brown, Sr., appellant, in pro. per.

Marion E. MacIntyre, Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and MONTGOMERY, JJ.

PER CURIAM:

This is a direct *pro se* appeal from judgment of sentence. Appellant was convicted of one count of rape and sentenced to ten to twenty years imprisonment.

Among his numerous assignments of error appellant presents multiple claims of ineffective assistance of counsel. These claims were not considered by the court below; although appellant attempted to present them to it for determination the court refused to take up the question. There, as here, the presentation of the ineffectiveness claim was uncounseled. Our courts have often said that it is unrealistic "to expect a layman to ferret out instances of ineffectiveness without assistance of counsel." *Commonwealth v. Strachan*, 460 Pa. 407, 410, 333 A.2d 790, 791 (1975); see also *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975). Therefore, we order judgment of sentence vacated, and the case remanded for appointment of counsel and the determination of such ineffectiveness claims as appellant, by appointed counsel other than the Public Defender's Office, shall make there. If the lower court finds that counsel was effective it shall order the judgment of sentence reinstated. In the latter event appellant, with the assistance of counsel, may present on appeal, at a new term and number, those

questions not waived at trial, as well as any questions appropriate concerning the mandated hearing on the effectiveness of trial counsel.

Judgment of sentence vacated and case remanded for proceedings consistent herewith.