J-S07040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.E. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GREGORY SHANE KINNARD, JR. | |
| Appellant | No. 1085 MDA 2014 |

Appeal from the PCRA Order June 12, 2014
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CAP-01-CR-0000573-2002

BEFORE:  BENDER, P.J.E., OLSON, J., and OTT, J.

MEMORANDUM BY OTT, J.:						**FILED APRIL 16, 2015**

Gregory Shane Kinnard, Jr., appeals from the order entered in the Court of Common Pleas of Adams County on June 12, 2014, denying him relief, without a hearing, on his *pro se* petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*.  This is Kinnard's third petition.[1]  The PCRA court dismissed this petition as untimely, noting Kinnard made no attempt to plead or prove any of the PCRA timeliness exceptions.  After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

---

[1] Kinnard filed a counseled PCRA petition in 2004 that afforded him no relief. He filed a petition for *habeas corpus*, which was considered a PCRA petition, in 2012, that also brought no relief.  This *pro se* PCRA petition was subsequently filed on May 9, 2014.

By way of history, in 2002, Kinnard was convicted by a jury of two counts each of aggravated assault, attempted bodily injury and simple assault, causing bodily injury.[2] The charges arose from an incident that occurred in the Adams County Prison where Kinnard punched two deputy sheriffs. Kinnard was sentenced to an aggregate term of 3 to 20 years' incarceration. Prior to the previously noted PCRA petitions, Kinnard filed a direct appeal challenging the weight and sufficiency of the evidence. That appeal provided Kinnard no relief. *See Commonwealth v. Kinnard*, 844 A.2d 1282 (Pa. Super. 2003) (unpublished memorandum). The Pennsylvania Supreme Court denied Kinnard's petition for allowance of appeal on July 13, 2004. *See Commonwealth v. Kinnard*, 856 A.2d 833 (Pa. 2004). His sentence became final 90 days later, on October 12, 2004, when the time limit to file a petition for a writ of certiorari to the United States Supreme Court expired.[3] *See* U.S.Sup.Ct.R. 13.

Our scope and standard of review are well settled.

> In reviewing the denial of PCRA relief, we examine whether "the PCRA court's determinations are supported by the record and are free of legal error." *Commonwealth v. Robinson*, --- Pa. ----, ----, 82 A.3d 998, 1005 (2013) (quotation and quotation marks omitted). *See Commonwealth v. Strong*, 563 Pa. 455, 461 n. 3, 761 A.2d 1167, 1170 n. 3 (2000) ("Since most PCRA appeals involve ... issues raising mixed questions of fact and law, our

---

[2] 18 Pa.C.S. §§ 2702 and 2701(a)(1), respectively.

[3] The 90th day fell on October 11, 2004, however, that was Columbus Day. Therefore, the Rule 13 90-day limit expired on Tuesday, October 12, 2004.

standard of review is whether the findings of the PCRA court are supported by the record and free of legal error.") (citations omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." ***Commonwealth v. Roney***, 622 Pa. 1, 16, 79 A.3d 595, 603 (2013) (citation omitted).

***Commonwealth v. Mitchell***, 105 A.3d 1257, 1265 (Pa. 2014).

The PCRA provides strict jurisdictional time limits for the filing of a petition. Pursuant to 42 Pa.C.S. § 9545(b)(1), to be considered timely, all petitions, including second or subsequent PCRA petitions, must be filed within one year from the date the petitioner's sentence became final.[4] Accordingly, to be considered timely, this petition should have been filed no later than Tuesday, October 11, 2005. As noted, this petition was filed on May 9, 2014, more than nine years late.

However, the PCRA also provides three exceptions to the one-year time limit. ***See*** 42 Pa.C.S. § 9542(b)(1)(i)-(iii).[5] In order to avail one's self

_____

[4] Specifically, the statute states:

> **(b) Time for filing petition.**—
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final.

42 Pa.C.S. § 9542(b)(1).

[5] The three exceptions are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the

*(Footnote Continued Next Page)*

of any of these exceptions, one must affirmatively plead and prove one's right to the exception. *Id*. Here, neither Kinnard's petition nor brief refers either to the one-year time limit or to any of the timeliness exceptions.[6] As such, the instant petition is patently late. The PCRA court correctly determined it had no jurisdiction to entertain the merits of the petition. "Our Supreme Court 'has repeatedly stated that the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely PCRA petitions.'" *Commonwealth v. Feliciano*, 69 A.3d 1270, 1275 (Pa. Super. 2013) (citation omitted). Having determined it was

_____
*(Footnote Continued)*

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9524(b)(1)(i)-(iii).

[6] Giving Kinnard the benefit of doubt, he appears to argue that his claim of an illegal sentence confers jurisdiction. While Kinnard correctly asserts challenges to the legality of a sentence are not waivable, *see Commonwealth v. Foster*, 17 A.3d 332 (Pa. 2011), any such claim must be raised in a timely fashion. *See Commonwealth v. Berry*, 877 A.2d 479 (Pa. Super. 2005). Kinnard has improperly equated the inability to waive an issue with the jurisdiction to hear the issue.

without jurisdiction to review the matter, the PCRA court dismissed the petition without a hearing.

Our review of the certified record demonstrates the PCRA court's decision is supported by the record and is free from legal error. Accordingly, we affirm.

Kinnard has also filed a petition for leave to proceed *in forma pauperis*. The certified record indicates he is already proceeding *in forma pauperis*, and therefore, the petition appears to be moot. However, in an abundance of caution, we reaffirm Kinnard's permission. Kinnard has also filed a petition for writ of mandamus, seeking an order compelling the Adams County District Attorney's Office to produce "work place criminal discovery" regarding his case. Additionally, he is also seeking a writ of prohibition, barring the Honorable Michael A. George from any involvement in his case. Both of these petitions are hereby denied.

Order affirmed. Permission to proceed *in forma pauperis* affirmed. Petitions for writ of mandamus and prohibition are denied.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/16/2015