J-S28035-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RADELL N. REYNOLDS, | : | |
| | : | |
| Appellant | : | No. 1538 WDA 2016 |

Appeal from the PCRA Order September 21, 2016
in the Court of Common Pleas of Somerset County
Criminal Division at No(s): CP-56-CR-0000762-2014

BEFORE:    OLSON, MOULTON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED JULY 14, 2017**

Radell N. Reynolds (Appellant) appeals from the September 21, 2016 order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On January 29, 2015, Appellant pled guilty to one count of possession with intent to deliver drugs.  That same day the trial court sentenced Appellant to a term of 5 to 10 years' incarceration.  No direct appeal was filed.

On May 18, 2016, Appellant *pro se* filed the PCRA petition that is the subject of the instant appeal.  Counsel was appointed and following a rule to show cause hearing, the PCRA court issued a notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907.  On September 21, 2016, the PCRA court dismissed the petition.  Appellant timely filed a

_____
*Retired Senior Judge assigned to the Superior Court.

notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant challenges the PCRA court's dismissal of his petition averring the court erred in: (1) finding his petition was untimely filed, and (2) determining that Appellant's legality-of-sentence argument had no merit. Appellant's Brief at 6.

Appellant's claim that his sentence is illegal is cognizable under the PCRA. **See** 42 Pa.C.S. § 9542 ("This subchapter provides for an action by which … persons serving illegal sentences may obtain collateral relief."). However, any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b). The PCRA's "[s]tatutory time restrictions are mandatory and jurisdictional in nature, and may not be altered or disregarded to reach the merits of the claims raised in the petition." **Commonwealth v. Taylor**, 933 A.2d 1035, 1038 (Pa. Super. 2007).

Appellant was sentenced on January 29, 2015 and he filed no direct appeal; thus, his judgment of sentence became final on March 2, 2015. Accordingly, Appellant had one year from that date to file timely a PCRA petition. Therefore, the petition at issue, filed on May 18, 2016, is untimely.

Nonetheless, Appellant argues the trial court erred in dismissing his petition as untimely filed because the petition "alleged that Appellant is

serving an illegal sentence." Appellant's Brief at 6. Appellant avers that while the current law has decided that **Alleyne v. United States**, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) (holding that a fact which triggers the imposition of a mandatory minimum sentence is an element of the crime and must, therefore, be determined beyond a reasonable doubt by a jury), does not apply retroactively to cases pending on collateral review pursuant to **Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016), the issue of retroactivity "may still be at issue and further review by our Supreme Court may be in the near future." Appellant's Brief at 11.

Despite raising a legality-of-sentence claim, Appellant's petition is untimely filed. **See Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa. Super. 2005) ("[A] court may entertain a challenge to the legality of the sentence **so long as the court has jurisdiction to hear the claim**.") (emphasis added). "In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition." **Id.** Here, Appellant's failure to plead and prove a timeliness exception to the PCRA's one-year filing requirement left the PCRA court without jurisdiction to consider his claim. **See, e.g.**, **Commonwealth v. Monaco**, 996 A.2d 1076, 1080 (Pa. Super. 2010) (quoting **Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 783 (Pa. 2000)) (noting that "the trial court has no power to address the substantive merits of a petitioner's PCRA claims" if the petition is filed untimely).

Furthermore, this Court is bound by our Supreme Court's decision in **Washington**. Thus, even if we had jurisdiction to consider the **Alleyne** issue, because **Alleyne** does not apply retroactively to cases on collateral review, Appellant is unable to benefit from the holdings in **Alleyne** and its progeny.

Accordingly, the lower court correctly dismissed Appellant's untimely-filed PCRA petition.[1]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 7/14/2017

---

[1] Notably, the record reveals, and Appellant concedes that he was not sentenced under any mandatory minimum provision. As correctly noted by the Commonwealth, Appellant's sentence was entered pursuant to a plea agreement, and he received a sentence within the sentencing guidelines. Commonwealth's Brief at 2. Further, the record indicates the Commonwealth never filed a notice of its intent to seek a mandatory minimum sentence. Thus, not only is Appellant's petition untimely, his sole claim on appeal has no merit.