J-S72026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ANTWINE HOLDER, | : | |
| | : | |
| Appellant | : | No. 2429 EDA 2016 |

Appeal from the Judgment of Sentence February 24, 2016
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0011307-2014

BEFORE:   BENDER, P.J.E., MUSMANNO, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY MUSMANNO, J.:        **FILED DECEMBER 29, 2017**

Antwine Holder ("Holder") appeals from the judgment of sentence imposed following his conviction of attempted murder, aggravated assault, kidnapping, persons not to possess firearms, firearms not to be carried without a license, and carrying firearms on public streets or public property in Philadelphia.  ***See*** 18 Pa.C.S.A. §§ 901, 2702(a)(1), 2901(a)(2), 6105, 6106, 6108.   We vacate the judgment of sentence, and remand for resentencing.

Following a jury trial, Holder was convicted of the above-mentioned crimes.  The trial court deferred sentencing and ordered a pre-sentence investigation report.  On February 24, 2016, the trial court sentenced Holder to an aggregate term of 44 to 102 years in prison.  Relevant to this appeal, the trial court imposed a term of 20 to 40 years in prison for Holder's kidnapping conviction.   On March 7, 2016, Holder filed a Motion for

_____
* Former Justice specially assigned to the Superior Court.

Reconsideration,[1] which the trial court denied. Holder filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Holder asserts that the trial court imposed an illegal sentence of 20 to 40 years for his kidnapping conviction.[2] Brief for Appellant at 22-23.

The Commonwealth and the trial court agree that the sentence imposed for Holder's kidnapping conviction is illegal. **See** Commonwealth's Brief at 14-15; **see also** Trial Court Opinion, 1/27/17, at 6 (wherein the trial court stated that "[t]he sentence on [Holder's] kidnapping conviction … was imposed in error."). In its Opinion, the trial court noted that Holder faced a mandatory minimum sentence of 10 years in prison pursuant to 42 Pa.C.S.A. § 9714(a)(1), but recognized that Holder's sentence "exceed[s] the statutory maximum sentence for a first-degree felony." Trial Court Opinion, 1/27/17, at 6; **see also** 18 Pa.C.S.A. § 1103(1) (providing that a person may be sentenced, "[i]n the case of a felony of the first degree, for a term which shall be fixed by the court at not more than 20 years."). Accordingly,

---

[1] Holder, *pro se*, had previously filed a Notice of Appeal on March 3, 2016. This Court subsequently quashed the appeal as interlocutory, as the trial court had not entered an order regarding the Motion for Reconsideration.

[2] Although Holder failed to raise this claim in his Concise Statement, "challenges to the legality of the sentence are never waived." **Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa. Super. 2005).

we must vacate Holder's judgment of sentence and remand the case for resentencing. "As the resentencing has the potential to disrupt the trial court's entire sentencing scheme, we vacate all of [Holder's] sentences and remand for resentencing at all counts." **Commonwealth v. McCamey**, 154 A.3d 352, 359 (Pa. Super. 2017).[3]

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/17

---

[3] We note that Holder also raised a challenge to the discretionary aspects of his sentence. **See** Brief for Appellant at 15-22. However, in light of our disposition, we need not address Holder's second claim. **See Commonwealth v. Barnes**, 167 A.3d 110, 125 n.13 (Pa. Super. 2017) (*en banc*). Moreover, we note that Holder's second claim is waived, as his Motion for Reconsideration did not include his argument that the trial court abused its discretion by imposing "consecutive sentences for these offenses committed concurrently." Brief for Appellant at 16; **see also** Motion for Reconsideration, 3/7/16; **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010) (stating that "[o]bjections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.").