J-S12016-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NATALIO J J. ALVAREZ, | |
| Appellant | No. 434 EDA 2014 |

Appeal from the PCRA Order Entered September 30, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011943-2007

BEFORE:  BOWES, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED APRIL 10, 2015**

Appellant, Natalio J J. Alvarez, appeals *nunc pro tunc* from the order entered on September 30, 2013, that denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

The relevant facts of this matter, as gleaned from the record, reveal that on August 25, 2007, E.S., who was fourteen years old, was swimming in a creek with some friends.  N.T., 4/7/09, at 46.  While at the creek, E.S. was introduced to Appellant.  *Id*. at 48.  At the time, Appellant was twenty-two years old.  Pretrial Investigation Service Report, 10/1/07.  While E.S. was swimming in the creek, at approximately 7:15 p.m., Appellant

---

[*]  Former Justice specially assigned to the Superior Court.

approached E.S. from behind. N.T., 4/7/09, at 55. E.S. testified that Appellant put his fingers inside her vagina, and she told him to stop. *Id*. Appellant then asked E.S. if he could put his penis inside her, and E.S. said no. *Id*. Appellant then pushed E.S.'s pants to the side and penetrated her vagina with his penis. *Id*. Appellant restrained E.S. and continued to penetrate her vagina for approximately twenty seconds while E.S. told him to stop. *Id*. at 60-63. After the attack, E.S. sat near the creek and cried. *Id*. at 62. The next day, E.S. told a friend about the assault. *Id*. at 86-73. On September 11, 2007, Appellant called E.S.'s mother at approximately 2:00 a.m., and he admitted that he had touched and fondled E.S. *Id*. at 12-14. E.S. and her mother went to the police on the evening of September 11, 2007. *Id*. at 78.

Appellant was arrested and, following a jury trial, he was convicted of unlawful contact with a minor, sexual assault, corrupting the morals of a minor, and indecent assault. On July 28, 2009, Appellant was sentenced to a term of three to six years of incarceration followed by five years of probation. No direct appeal was filed.

On April 8, 2010, Appellant filed a timely PCRA petition. The PCRA court appointed counsel, and on March 28, 2013, Appellant filed an amended PCRA petition. On June 27, 2013, the Commonwealth filed a motion to dismiss. The PCRA court provided Appellant with notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907 on

September 6, 2013, and on September 30, 2013, the PCRA court dismissed Appellant's petition.[1]  No appeal was filed.  However, on December 20, 2013, Appellant sought the reinstatement of his appellate rights.  In an order filed on January 27, 2014, the PCRA court reinstated Appellant's appellate rights *nunc pro tunc*, and this timely appeal followed.

On appeal, Appellant raises the following issue for this Court's consideration:

> Whether the trial court erred in denying [Appellant's] PCRA petition where trial counsel failed to present a critical alibi/fact witness, Jonathan Lopez, on behalf of [Appellant] at trial which would have change [sic] the outcome of the case.

Appellant's Brief at 5 (italics and capitalization omitted).

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error.  ***Commonwealth v. Phillips***, 31 A.3d 317, 319 (Pa. Super. 2011) (citing ***Commonwealth v. Berry***, 877 A.2d 479, 482 (Pa. Super. 2005)).  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

---

[1]  The record reflects that there was another Pa.R.Crim.P. 907 notice of intent to dismiss without a hearing filed on August 16, 2013.  Regardless of the reason for this duplication, Appellant's PCRA petition was not dismissed until September 30, 2013, which is in compliance with Pa.R.Crim.P. 907 as it gave Appellant twenty days in which to respond prior to the order dismissing the petition.

*Id*. (citing *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

When we consider an allegation of ineffective assistance of counsel, counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his or her conduct; and (3) Appellant was prejudiced by counsel's action or omission. *Commonwealth v. Pierce*, 527 A.2d 973, 975-976 (Pa. 1987). "In order to meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a 'reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Commonwealth v. Reed*, 42 A.3d 314, 319 (Pa. Super. 2012). A claim of ineffective assistance of counsel will fail if the petitioner does not meet any of the three prongs. *Commonwealth v. Williams*, 863 A.2d 505, 513 (Pa. 2004). "The burden of proving ineffectiveness rests with Appellant." *Commonwealth v. Rega*, 933 A.2d 997, 1018 (Pa. 2007).

To establish counsel was ineffective for failing to call a witness, Appellant must show:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied appellant a fair trial.

*Commonwealth v. Thomas*, 44 A.3d 12, 23 (Pa. 2012) (citations omitted).

Here, the record reflects that a man named Jonathan Lopez, was willing and available to testify that he was with Appellant at the creek on the date in question. Amended PCRA Petition, 3/28/13, Attachment 1, Statement of Jonathan Lopez, at ¶¶ 1-5. Mr. Lopez claimed that he was with Appellant the entire time they were at the creek, and that he "never saw [Appellant] touch the complainant or heard her complain that [Appellant] touched her." *Id*. Additionally, Appellant attached a statement to his amended PCRA petition in which he alleges that he informed counsel of Mr. Lopez's existence, but that counsel opted not to contact Mr. Lopez. Amended PCRA Petition, 3/28/13, Attachment 2, Statement of Natalio J J. Alvarez, at ¶¶ 1-3. However, while Appellant arguably established the first four prongs of the test set forth above, the PCRA court concluded that the absence of Jonathan Lopez's testimony was not prejudicial.

The PCRA Court explained its conclusion as follows:

> The omission of Mr. Lopez'[s] purported testimony that he was present for an indeterminate period of time and neither observed nor otherwise perceived Appellant physically contacting the complainant was not prejudicial. Appellant's admission to initiating physical contact with the complainant plainly diminished the import of Mr. Lopez'[s] assertion that he didn't observe any touching. N.T. 4/8/09 at 109, 117-125. Furthermore, Mr. Lopez'[s] statement does not clearly indicate whether he was even present at the time of the assault; he imprecisely described his presence and involvement as occurring "in the afternoon," being with Appellant "the entire time," while evidence at trial established the assault occurred later in the evening. *See* Lopez affidavit. Given Appellant's admitted sexual advances, Mr. Lopez'[s] statement can therefore be fairly

characterized as relating to the afternoon only, or, if he was 'present' during the assault, he was not carefully monitoring Appellant's interaction with the complainant. Either way, the presentation of testimony mirroring Mr. Lopez'[s] vaguely worded affidavit was unlikely to meaningfully bolster Appellant's defense.

In addition to the court's determination that Mr. Lopez'[s] statement, viewed as potential alibi evidence, is considerably weak, the Commonwealth's evidence clearly established the Appellant's guilt. The complainant, whom the jury found to be a credible witness, provided detailed testimony of the assault. As thoroughly detailed in the Commonwealth's motion to dismiss, the corroborating testimony of various witnesses as well as Appellant's repeated proclamations of wrongdoing further supported the court's finding that Mr. Lopez'[s] statement was unlikely to have altered the verdict.

PCRA Court Opinion, 5/15/14, at 3 (unnumbered page).

We agree with the PCRA court's rationale and determination. The record supports the PCRA court's conclusion that counsel's decision not to call Jonathan Lopez as a witness was not prejudicial, and it did not deny Appellant a fair trial.

For the reasons set forth above, we discern no error of law in the PCRA court's decision. Accordingly, we affirm the order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/10/2015</u>