J-S01003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ANDRE LIVINGSTON, | : | |
| | : | |
| Appellant | : | No. 1160 EDA 2012 |

Appeal from the PCRA Order April 4, 2012
in the Court of Common Pleas of Montgomery County,
Criminal Division, No(s): CP-46-CR-0003528-2007;
CP-46-CR-0007602-2008

BEFORE:  GANTMAN, P.J., MUNDY and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:              **FILED March 24, 2016**

Andre Livingston ("Livingston") appeals, *pro se*, from the Order dismissing his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The trial court set forth the following facts:

> On August 28, 2008[,] at approximately 3:00 p.m.[,] several officers of the Norristown Police Department responded to a call of a suspicious or unwanted person on the 500 block of Chain Street.[1]  Officer Matthew O'Connell ["Officer O'Connell"], the first to arrive on the scene, responded to the back alley of the residence.  He observed an enclosed porch with broken windows, and [Livingston] exiting the porch.  Rather than stop as the officer directed, [Livingston] started to walk in the opposite direction, towards the breezeway leading to Chain Street.  Meanwhile, Officer [Gerald] DelGrosso ["Officer DelGrosso,"] who had responded to the call from Chain Street[,] had entered the breezeway.  [Livingston] confronted Officer DelGrosso, in the breezeway, and [Livingston] tried to crash past

---

[1] Jerome Fenning ("Fenning") and Michelle Livingston-Fenning ("Livingston-Fenning") are the residents of Chain Street who called the police after Livingston began banging and kicking on the door of their home.

him "like a football player." Officer O'Connell and Officer [Eric] Gergel ["Officer Gergel"] rushed towards the breezeway in an attempt to assist Officer DelGrosso and apprehend [Livingston]. [Livingston] broke free of the officers. Officer O'Connell deployed his taser, but the cartridge hit [Livingston's] jacket and was unsuccessful in stopping him. [Livingston] headed for Chain Street, and as the officers gave chase they observed [Livingston] discard a collapsible baton.

On Chain Street, Officers O'Connell and DelGrosso tackled [Livingston] onto the rear of a parked car in an attempt to handcuff him. Before he could be handcuffed, [Livingston] turned and threw closed fist punches at both officers. Officer O'Connell threw a punch back at [Livingston] in an attempt to defend himself. The officers and [Livingston] wrestled around some more, and [Livingston] again broke free. [Livingston] now came after Officer Gergel[,] who was at the front of the parked vehicle. [Livingston's] fists were "flying all over the place." Officer Gergel was later treated for a sprained/fractured hand for which he had to go to the hospital. [Livingston] was subdued when Officer DelGrosso successfully deploy [sic] his taser, and the officers were able to handcuff him.

Corporal Kenneth Lawless ["Corporal Lawless"] and Officer Joseph Peterson arrived to assist the other officers. Once [Livingston] was handcuffed, both officers attempted to get Livingston into the closest patrol car available, which was about 6 row homes down from where [Livingston] was handcuffed. When they got to the patrol car, the effects of the taser had worn off, and [Livingston] was resisting the officers' efforts to get him into the vehicle. [Livingston] intentionally kicked the officers[,] causing Corporal Lawless brush burns on his arms.

Trial Court Opinion, 8/19/09, at 1-3 (internal citations omitted). Following a jury trial in June 2009, Livingston was convicted of three counts of aggravated assault on police, four counts of simple assault, and one count each of possession of a prohibited offensive weapon, resisting arrest, and

possession of cocaine.[2]  The trial court sentenced Livingston to an aggregate prison term of 2 to 10 years.

This Court affirmed his judgment of sentence in May 2010, and the Pennsylvania Supreme Court denied Livingston's Petition for Allowance of Appeal.  ***See Commonwealth v. Livingston***, 4 A.3d 201 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 9 A.3d 628 (Pa. 2010).

In December 2011, Livingston, *pro se*, filed a timely PCRA Petition and a Motion for Recusal.  The PCRA court denied the Motion for Recusal and appointed Livingston PCRA counsel.  In March 2012, PCRA counsel filed a no-merit letter and a Petition for Permission to Withdraw as Counsel pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  The PCRA court granted the Petition to Withdraw, and thereafter dismissed Livingston's Petition.  Livingston filed a timely Notice of Appeal[3] and a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement of Matters Complained of on Appeal.

On appeal, Livingston raises the following claim for our review: "[Whether trial counsel was ineffective] for failing to interview, investigate,

---

[2] 18 Pa.C.S.A. §§ 2702(a)(3), 2701(a)(1), 908(a), 5104; 35 P.S. § 780-113(a)(16).

[3] Livingston filed a timely Notice of Appeal in 2012, and this Court thereafter remanded and retained jurisdiction.  There is nothing in the record to indicate why no action was taken on this case in the intervening years.  Nevertheless, this is a timely appeal.

and/or subpoena witnesses [Fenning] and Livingston[-Fenning] to testify at trial?" Brief for Appellant at 5.

The applicable standards of review regarding the dismissal of a PCRA petition and ineffectiveness claims are as follows:

> Our standard of review of a PCRA court's [dismissal] of a petition for post[-]conviction relief is well-settled: We must examine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.
>
> * * *
>
> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petition pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

*Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (citations omitted).

Livingston argues that his trial counsel was ineffective for failing to interview and subpoena Fenning and Livingston-Fenning to testify about the events of August 28, 2008. Brief for Appellant at 8. Livingston asserts that the testimony presented by Fenning and Livingston-Fenning would have been exculpatory, and "would have raised a reasonable doubt in the mind of

the average [juror,] and would have changed the outcome of the case." *Id.* at 9. Further, Livingston claims that he suffered prejudice because he would not have been convicted of aggravated assault and resisting arrest had their testimony been presented. *Id.*[4]

> When raising a claim of ineffectiveness for the failure to call a potential witness, a petitioner satisfies the performance and prejudice requirements of the [ineffectiveness] test by establishing that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial. To demonstrate [] prejudice, a petitioner must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case. Thus, counsel will not be found ineffective for failing to call a witness unless the petitioner can show that the witness's testimony would have been helpful to the defense. A failure to call a witness is not *per se* ineffective assistance of counsel[,] for such decision usually involves matters of trial strategy.

*Commonwealth v. Sneed*, 45 A.3d 1096, 1108-09 (Pa. 2012) (citations and quotation marks omitted).

Here, while Livingston provided the names of Fenning and Livingston-Fenning, whom he believed trial counsel was ineffective for not calling, there

---

[4] Additionally, Livingston claims that his appellate counsel was ineffective for failing to allege the ineffectiveness of trial counsel on direct appeal. Brief for Appellant at 10. We note that Livingston did not raise such claim in his Concise Statement. Therefore, this claim is waived. *See* Pa.R.A.P. 1925(b)(4)(vii); *see also Commonwealth v. Berry*, 877 A.2d 479, 485 (Pa. Super. 2005) (stating that issues which are not raised in a Concise Statement are waived on appeal). Additionally, ineffectiveness claims are not generally raised on direct appeal, and are to be raised on collateral review. *See Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002).

is no indication that these individuals were available or willing to testify on Livingston's behalf at trial. **See** PCRA Court Opinion, 6/6/12, at 11.

Moreover, with the exception of a vague statement in his Petition that the testimony of Fenning and Livingston-Fenning would have been exculpatory, Livingston does not state with any specificity what statements these witnesses would have made at trial. Additionally, although Livingston includes certifications[5] for both proposed witnesses, he does not allege that Fenning and Livingston-Fenning would testify in support of his contrary representation of the facts.[6] Accordingly, Livingston has not met his burden and his ineffectiveness claim fails.

Order affirmed.

---

[5] We note that affidavits are not required when a PCRA petitioner asserts ineffective assistance of counsel for failure to call witnesses. **See Commonwealth v. Pander**, 100 A.3d 626, 640-42 (Pa. Super. 2014) (*en banc*) (discussing the relevant precedents and background regarding the use of affidavits and certifications when raising such claims in a PCRA petition, as opposed to direct appeal). "[T]he certification requirement can be met by an attorney or *pro se* petitioner certifying what the witness will testify regarding." **Id.** at 642.

[6] The evidence demonstrated that Livingston swung his fist at Officers O'Connell and Gergel multiple times, causing injury to Gergel. Livingston also tried to kick Corporal Lawless multiple times. Livingston cannot demonstrate prejudice.

J-S01003-16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/24/2016