J-S21010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KARELL TURNER, | |
| Appellant | No. 1198 EDA 2015 |

Appeal from the PCRA Order Entered April 2, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):
CP-51-CR-0003287-2010
CP-51-CR-0003289-2010
CP-51-CR-0003291-2010
CP-51-CR-0003296-2010

BEFORE:  BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED MAY 03, 2016**

Appellant, Karell Turner, appeals from the post-conviction court's April 2, 2015 order denying his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we vacate the PCRA court's order and remand for further proceedings.

The PCRA court briefly summarized the facts and procedural history of Appellant's case, as follows:

> [Appellant] and two co-defendants were arrested on October 29, 2009, and charged with aggravated assault and related offenses as a result of an altercation and shooting at the

---

[*] Former Justice specially assigned to the Superior Court.

McDonald's located at 31st and Allegheny [S]treets in Philadelphia.[1] Two preliminary hearings were held to accommodate the complainants. A jury trial took place from February 7th to February 15, 2011, wherein [Appellant] was convicted of three counts of criminal conspiracy, one for each of the three shooting victims, and one count of intimidation of a witness. [Appellant] was sentenced to two to four years['] incarceration on each count of conspiracy and one to four years['] incarceration on the witness intimidation; all of the sentences [were imposed to run] consecutive to each other for a[] total of seven to fourteen years['] incarceration.

A motion for reconsideration was granted on October 21, 2011, reducing [Appellant's] sentence to two to four years[' incarceration] for one of the conspiracy charges, a consecutive one to two years['] incarceration for intimidation of a witness, and a concurrent three to six years['] incarceration for the remaining conspiracy charges, for a new aggregate sentence of three to six years['] incarceration. No appeal was filed.

On November 1, 2012, [Appellant] filed a [*pro se* PCRA] … petition…. [Counsel was appointed and filed an amended petition on Appellant's behalf.] The matter was reassigned as the trial court judge had retired. An evidentiary hearing was held on November 4, 2014, addressing only [Appellant's] claim that trial counsel [acted ineffectively by] fail[ing] to file an appeal. That issue was denied on December 1, 2014.[2] The remaining issues were briefed, argued and dismissed on April 2, [2015]. This timely appeal followed.

PCO at 1-2.

On April 28, 2015, the PCRA court ordered Appellant to file a Pa.R.A.P.

1925(b) concise statement of errors complained of on appeal within 21 days.

_____

[1] For a more detailed discussion of the facts of Appellant's case, ***see*** PCRA Court Opinion (PCO), 8/31/15, at 3-4.

[2] Appellant did not file an appeal from the order denying his claim that counsel acted ineffectively by not filing a direct appeal, and he raises no argument pertaining to that issue herein.

Appellant filed his statement 22 days later, on May 20, 2015. Despite the apparent untimeliness of Appellant's Rule 1925(b) statement, the PCRA court filed an opinion addressing the issues presented therein. Accordingly, we will review the merits of the three claims raised by Appellant on appeal, all of which were preserved in his Rule 1925(b) statement. *See Commonwealth v. Burton*, 973 A.2d 428, 433 (Pa. Super. 2009) (concluding remand under Rule 1925(c)(3) is not necessary where counsel filed an untimely Rule 1925(b) statement and the court addressed the issue(s) raised in its opinion). The three issues presented by Appellant are as follows:

> I. Was Appellant deprived of his right of confrontation by the admission of the former testimony of a witness who did not appear to testify at trial, and did the PCRA [c]ourt err in denying post-conviction relief on that basis?
>
> II. Was Appellant deprived of his right of due process when a witness at trial was permitted to vouch for the credibility of an unavailable witness, and did the PCRA [c]ourt err in denying post-conviction relief on that basis?
>
> III. Was trial counsel ineffective for failing to challenge [the] number and grading of the Criminal Conspiracy counts, and did the PCRA court err in denying post-conviction relief on that basis?

Appellant's Brief at 5.

Our standard of review regarding an order denying post-conviction relief under the PCRA is whether the determination of the court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). This Court grants great deference

- 3 -

to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. *Commonwealth v. Touw*, 781 A.2d 1250, 1252 (Pa. Super. 2001).

Appellant's first two issues are related and, thus, we will address them together. Appellant argues that the trial court erred by admitting the preliminary hearing testimony of a witness who did not ultimately testify at his trial. Appellant claims that the admission of this evidence violated his "right of confrontation" and "was compounded by the admission of other witness testimony vouching for the credibility of the witness" whose preliminary hearing testimony was admitted. Appellant's Brief at 17. These claims could have been raised on direct appeal; thus, they are waived and cannot be the basis for affording Appellant post-conviction relief. *See* 42 Pa.C.S. § 9543(a)(3) ("To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following: … (3) That the allegation of error has not been previously litigated or waived."); 42 Pa.C.S. § 9544(b) ("For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post[-]conviction proceeding.").

In Appellant's third issue, he presents two sub-claims that involve trial counsel's ineffectiveness. First, Appellant argues that the evidence presented at trial was sufficient to sustain only *one* count of criminal conspiracy and, "[t]herefore, trial counsel was ineffective for failing to object

to the jury['s] being allowed to deliberate on three separate counts of [c]riminal [c]onspiracy." Appellant's Brief at 28. Second, Appellant contends that the single conspiracy charge for which he could have been convicted "should have been graded the same as the underlying offense of [s]imple [a]ssault[,]" which is a misdemeanor of the second degree carrying a statutory maximum of two years' incarceration. *Id.* at 29, 30 (citing 18 Pa.C.S. § 1104(2) (stating that a misdemeanor of the second degree carries a maximum penalty of two years' imprisonment)); *see also* 18 Pa.C.S. § 2701 (defining simple assault and grading it as a misdemeanor of the second degree unless certain circumstances are present). Because Appellant received three to six years' imprisonment on two of the criminal conspiracy counts, and a sentence of two to four years' imprisonment on the third, he contends that his sentence is illegal "and trial counsel was ineffective for failing to raise this issue at the time of sentencing." Appellant's Brief at 31.

In Appellant's amended PCRA petition, he asserted both of these arguments, and framed them – albeit briefly – in the context of ineffective assistance of counsel claims. *See* Amended Petition, 1/21/14, at 11 ¶¶ 56-58; 12 ¶¶ 67-69.[3] Nevertheless, the PCRA court did not address the

---

[3] Specifically, in his petition, Appellant stated that "[t]rial counsel was ineffective for failing to object to the jury being allowed to deliberate on three separate counts of Criminal Conspiracy[,] … for failing to raise this issue in a post-sentence motion[,]" and "for failing to preserve [Appellant's] right to appeal on this issue." *Id.* at 11. Appellant then explained why his "sentences on all three counts of Criminal Conspiracy are illegal[,]" and
*(Footnote Continued Next Page)*

ineffectiveness claims but, instead, concluded that the underlying arguments, *i.e.*, the sufficiency of the evidence and legality of sentence challenges, were waived because they could have been raised on direct appeal. **See** PCO at 7 (stating that Appellant could have challenged, on direct appeal, "the submission to the jury of three separate counts of criminal conspiracy; [and] the alleged illegal sentence for three counts of conspiracy to commit aggravated assault when the evidence was only [sufficient] enough to support a conspiracy to commit simple assault").

We disagree with the PCRA court that Appellant waived these claims by not raising them on direct appeal. In Appellant's PCRA petition, he clearly framed the issues pertaining to the sufficiency of the evidence to support three counts of conspiracy, and the legality of his sentence, as implicating the effectiveness of his trial counsel's representation. In **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013), our Supreme Court reaffirmed its prior holding in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), that, absent certain circumstances, claims of ineffective assistance of counsel should be deferred until collateral review under the PCRA. **Holmes**, 79 A.3d at 576. The specific circumstances under which ineffectiveness

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯

declared that, "[t]rial counsel was ineffective for failing to raise this issue at the time of sentencing" or "in a post-sentence motion[,]" and "for failing to preserve [Appellant's] right to appeal on this issue." **Id.** at 12. We also point out that Appellant preserved these two claims of trial counsel's ineffectiveness in his Rule 1925(b) statement. **See** Rule 1925(b) Statement, 5/20/15, at 1-2 (unnumbered).

claims may be addressed on direct appeal were not present in the instant case. **See id.** at 577-78 (holding that the trial court may address claim(s) of ineffectiveness where they are "both meritorious and apparent from the record so that immediate consideration and relief is warranted," or where the appellant's request for review of "prolix" ineffectiveness claims is "accompanied by a knowing, voluntary, and express waiver of PCRA review").

We also stress that, even if Appellant had not framed his legality of sentencing challenge as an ineffectiveness claim, it would still not be waived based on his failure to raise it on direct appeal. Appellant's claim is essentially that his sentence for at least one of the conspiracy counts exceeds the statutory maximum term permitted for that offense. This is clearly a legality of sentencing issue, and is precisely the type of sentencing claim for which the PCRA provides relief. **See** 42 Pa.C.S. § 9543(a)(2)(vii) (providing PCRA relief for petitioner's who prove that they received "a sentence greater than the lawful maximum").

> One well-established exception [to the PCRA's waiver rule] is that challenges to the legality of sentence are never waived. This means that a court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition. **See**, **Commonwealth v. Voss**, 838 A.2d 795, 800 (Pa. Super. 2003).

*Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005). Because here, Appellant filed a timely PCRA petition, the court had jurisdiction to consider his non-waivable challenge to the legality of his sentence.

Accordingly, Appellant's two claims of trial counsel's ineffectiveness were not waived based on his failure to raise them on direct appeal, and his underlying legality of sentencing issue is reviewable even outside the context of ineffective assistance of counsel. Because the PCRA court concluded that these issues were waived, it did not rule on their merits. It is inappropriate for this Court to assess Appellant's arguments in the first instance. Thus, we vacate the PCRA court's order denying Appellant's petition, and remand for further consideration of these issues.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/3/2016