J-S42011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RACHEL A. KOZLOFF, | |
| Appellant | No. 1067 WDA 2015 |

Appeal from the PCRA Order July 5, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001849-2012

BEFORE:  SHOGAN, OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JULY 19, 2016**

Appellant, Rachel A. Kozloff, appeals *pro se* from the Order entered on July 5, 2015, that denied her petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

A prior panel of this Court summarized the factual history of this case as follows:

> On April 12, 2012, [A]ppellant shot her boyfriend, Michael Henry, at his residence in Erie.  Henry was a large man, standing 6'5" and weighing 285 pounds.  Appellant is 5'4" and weighs 155 pounds.  Henry was also a member of the Iron Wings motorcycle gang and had a reputation for physical violence.  As her defense at trial, [A]ppellant conceded that she shot Henry, but contended that he was continually physically abusive toward her during their relationship, and at the time of his killing, he was savagely

_____

[*]  Former Justice specially assigned to the Superior Court.

attacking her while she was trying to escape his residence. Appellant shot Henry five times.

The Commonwealth in its case in chief, presented evidence that [A]ppellant believed Henry was seeing other women and wished to break off their relationship. The Commonwealth also presented evidence that Henry was seated on a futon when he was shot, and not attacking [A]ppellant.

On December 7, 2012, the jury convicted [A]ppellant of third degree murder, recklessly endangering another person, and possessing an instrument of crime. On January 29, 2013, the court sentenced [A]ppellant to an aggregate term of 18 to 40 years' imprisonment.

*Commonwealth v. Kozloff*, 474 WDA 2013, 102 A.3d 538 (Pa. Super filed April 22, 2014) (unpublished memorandum at 1-2) (footnote omitted).

Appellant filed a timely direct appeal. This Court affirmed Appellant's judgment of sentence on April 22, 2014. *Commonwealth v. Kozloff*, 474 WDA 2013, 102 A.3d 538 (Pa. Super filed April 22, 2014). The Pennsylvania Supreme Court denied Appellant's petition for leave to file petition for allowance of appeal *nunc pro tunc* on November 6, 2014. *Commonwealth v. Kozloff*, 66 WM 2014, Order (Pa. filed November 6, 2014.).

Appellant filed a timely *pro se* PCRA petition on April 2, 2015. Counsel was appointed. Order, 5/10/15. Following his review of the case, appointed counsel file a "no-merit" letter and a petition for leave to withdraw as counsel. No Merit Letter, 5/11/15, at 1-7; Petition for Leave to Withdraw as Counsel, 5/11/15, at 1. Following the issuance of a notice of intent to dismiss the PCRA petition without a hearing on May 2, 2015, the PCRA court denied Appellant relief by order entered June 19, 2015. Appellant filed a

timely appeal on July 14, 2015. The PCRA court did not order the filing of a Pa.R.A.P. 1925(b) statement.

Appellant presents the following issues for our review, which we reproduce here verbatim:

> 1. Was the motion and appeal on question on admissability of Defendant's statement during interrogation erroneously denied due to ineffective assistance of counsel.
>
> 2. Was trial counsel ineffective for failing to provide expert testimony regarding battered woman syndrome and for not objecting to the court's erroneous charge to the jury which overruled the defense of justification.
>
> > a. Government favorable evidence that Mike Henry was violent and dangerous.
> >
> > b. Further favorable police evidence of the violence the Defendant experienced at the hands of Mike Henry.
>
> 3. Was defense counsel ineffective for failing to provide evidence as whether the decedent was effectively committing suicide by proxy.

Appellant's Brief at 2 (full capitalization omitted).

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011) (citing *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Id*. (citing *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

Appellant's issues on appeal allege ineffective assistance of counsel. When considering an allegation of ineffective assistance of counsel, we note that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his or her conduct; and (3) appellant was prejudiced by counsel's action or omission. *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). "In order to meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a 'reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Commonwealth v. Reed*, 42 A.3d 314, 319 (Pa. Super. 2012). A claim of ineffective assistance of counsel will fail if the petitioner does not meet any of the three prongs. *Commonwealth v. Simpson*, 66 A.3d 253, 260 (Pa. 2013). "The burden of proving ineffectiveness rests with Appellant." *Commonwealth v. Rega*, 933 A.2d 997, 1018 (Pa. 2007).

Although inartfully pled, Appellant appears to be arguing in her first issue that trial counsel was ineffective for failing to object to the admission at trial of the statements Appellant made to police. Appellant's Brief at 6. These statements were made to police during multiple "interviews," defined as custodial interrogations by Appellant. *Id.* at 6-7. Appellant asserts that

she was not given **Miranda**[1] warnings at the first interview conducted at police headquarters. **Id.** at 7. Appellant further argues that "[t]he purpose of the second interrogation was to elicit evidence against the defendant so that she could be more effectively prosecuted." **Id.** at 8-9. The second interview continued on in time so as to prevent Appellant from picking up her daughter, resulting in Appellant's mother being forced to do so. **Id.** at 9. Appellant argues:

> [Appellant] believed she invoked her right to silence in a custodial interrogation, and her right to leave to pick up her daughter, but her will was overridden by the coercive actions of the police particularly Officer Kem[l]ing, but also the group of officers with whom she consulted. As such the interrogation violated her due process right to be free of coercive interrogation and the statements of [Appellant] should be suppressed.

**Id.** at 9.

We first note that Appellant fails to identify with specificity the statements that were admitted at trial to which she objects. Appellant fails to identify where in the record these statements were introduced. Moreover, she fails to articulate how trial counsel was ineffective. Instead, Appellant generally argues that the trial court erred in failing to suppress these statements. Appellant's Brief at 7-9. Thus, we conclude that Appellant's claim that counsel was ineffective is waived. **Commonwealth v. Treiber**, 121 A.3d 435, 474 (Pa. 2015) (holding that cursory allegations of counsel's

_____

[1] **Miranda v. Arizona**, 384 U.S. 436 (1966).

ineffectiveness were waived as a result of appellant's failure to develop those claims.).

Moreover, we note that Appellant raised this issue on direct appeal. On direct appeal, this Court concluded that: "We find that [A]ppellant's second statement to police was neither involuntary, nor taken under false pretenses, nor was there any basis for suppressing it." *Kozloff*, 474 WDA 2013, at 4. Accordingly, this Court has already determined that there is no merit to the underlying claim, and therefore Appellant cannot establish an ineffectiveness of counsel claim. *Spotz*, 84 A.3d at 311

In her second issue, Appellant argues that trial counsel was ineffective for failing to provide expert testimony regarding battered woman syndrome. Appellant's Brief at 10, 13. Additionally, Appellant asserts that counsel was ineffective for failing to object to the trial court's "erroneous charge to the jury which overruled the defense of justification." *Id.* at 10. Appellant also maintains that the trial court failed to consider two important pieces of evidence: that Mike Henry was violent and dangerous and the violence that Appellant experienced at the hands of Mike Henry. *Id.* at 12. She asserts that this evidence is "most favorable to the government." *Id.* at 11-12. Appellant further asserts that counsel should have brought up, in cross-examination of witness Nicole Spinelli, the she had experienced violence at the hands of Mike Henry also. *Id.* at 11.

A review of Appellant's PCRA petition reveals that Appellant failed to raise her claims regarding presentation of evidence of battered woman syndrome and the trial court's alleged erroneous jury charge on it.[2]  As a result, we find these issues waived.  *See Commonwealth v. Santiago*, 855 A.2d 682, 691 (Pa. 2004) (explaining that "a claim not raised in a PCRA petition cannot be raised for the first time on appeal.").

In her third issue, Appellant contends that "defense counsel was ineffective for failing to provide evidence as to whether the decedent was effectively committing suicide by proxy."  Appellant's Brief at 14.  In support of this claim, Appellant presents the following argument:

> The decedent Mike Henry was so vividly violent and confrontational, that it is conceivable that his actions, were, on one level or another identical to that seen in individuals who confront police and essentially commit "suicide by cop."  In this case, Mr. Henry clearly feared or hated police to the extent that he avoided police, and as his motorcycle friends noted, he would not want any police contacted even after he were dead.  However, his actions could arguably have been designed to end his life by violence, and in this case he possibly succeeded, not in committing "suicide by cop" but "suicide by proxy cop" the woman he assaulted to the point of self-defense, justified killing.  He knew that [Appellant] carried a pistol for self-defense.  Defense counsel did not consider this as a defense, to the prejudice of [Appellant].

Appellant's Brief at 14.

_____

[2] We note that as a result of Appellant's failure to raise this issue in her PCRA petition, the PCRA court did not address these issues.  Opinion and Notice of Intent to Dismiss PCRA Without Hearing Pursuant to Pa.R.Crim.P. 907(1), 5/21/15 at 1-4.

A review of Appellant's PCRA petition reflects that Appellant did not raise this issue in her PCRA petition. As previously noted, a claim not raised in a PCRA petition cannot be raised on appeal. *Santiago*, 855 A.2d at 691. Because this issue was not raised in Appellant's PCRA petition, the PCRA court did not have an opportunity to address it. Opinion and Notice of Intent to Dismiss PCRA Without Hearing Pursuant to Pa.R.Crim.P. 907(1), 5/21/15 at 1-4. Accordingly, we find this issue waived.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/19/2016