J-S47015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MUSTAFA ALI | |
| Appellant | No. 135 EDA 2017 |

Appeal from the PCRA Order November 29, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000683-2008

BEFORE:  LAZARUS, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:              **FILED AUGUST 11, 2017**

Mustafa Ali appeals from the order, entered in the Court of Common Pleas of Philadelphia County, denying his petition filed under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA").   After our review, we affirm.

Following trial, a jury convicted Ali of two counts of first-degree murder,[1] two counts of robbery,[2] and one count each of carrying a firearm without a license,[3] and recklessly endangering another person.[4]  Following a

---

[1] 18 Pa.C.S.A. § 2502(a).

[2] 18 Pa.C.S.A. § 3701.

[3] 18 Pa.C.S.A. § 6016.

[4] 18 Pa.C.S.A. § 2705.

penalty hearing, the jury sentenced Ali to life imprisonment. The court imposed two consecutive life sentences, without parole, for the murder convictions, and a concurrent aggregate sentence of 16 to 32 years' imprisonment on the remaining convictions. On direct appeal, this Court affirmed Ali's judgment of sentence, and the Supreme Court of Pennsylvania denied allowance of appeal.

Ali filed a timely *pro se* PCRA petition on August 28, 2012. The court appointed counsel and Ali filed a motion to remove counsel and proceed *pro se*. The court held a **Grazier**[5] hearing, and allowed Ali to proceed *pro se*. Following a hearing on Ali's petition, the court denied relief. Ali filed a *pro se* appeal and a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

Ali raises the following issues for our review:

1. Was not Judge Minehart's prolonging this matter an inordinate delay and an abuse of discretion?

2. Did not the Judge abuse his discretion in considering the Commonwealth's answer, although it was filed after the deadline set by him?

3. Did not the court err in ruling Appellant's arrest was not pretextual, lacking probable cause?

---

[5] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998) (holding when waiver of right to counsel is sought at post-conviction and appellate stages, on-the-record determination should be made that waiver is knowing, intelligent, and voluntary).

4. Was not Appellant denied due process when he was denied an opportunity to challenge subject matter jurisdiction?

5. Was not Appellant denied due process because of prosecutorial misconduct?

6. Was not the questioning of Appellant after arrest on a separate matter an unnecessary delay and a Fourth Amendment violation?

7. Was not the court in error in ruling psychiatric testimony was not allowed during the guilty phase?

8. Was not the court in error in ruling Appellant's statement was voluntary?

9. Was not the court in error in ruling Appellant's counsel was not ineffective for arguing multiple defenses?

10. Was not the court in error in giving erroneous first-degree murder instructions?

Appellant's Brief, at 3-4.

To be entitled to PCRA relief, appellant must establish, by a preponderance of the evidence, his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S.A. § 9543(a)(2), his claims have "not been previously litigated or waived[,]" and "the failure to litigate the issue prior to or during trial, . . . or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel." 42 Pa.C.S.A. 9543(a)(3)-(4). An issue is previously litigated if "the highest appellate court in which [appellant] could have had review as a matter of right has ruled on the merits of the issue[.]" 42 Pa.C.S.A. §9544(a)(2). An issue is waived if appellant "could have raised it but failed to do so before

trial, at trial, . . . on appeal or in a prior state post [-]conviction proceeding." 42 Pa.C.S.A. § 9544(b).

Our review is limited to determining whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001).

After our review, we agree with the Honorable Jeffrey P. Minehart's determination that Ali is not entitled to collateral relief. We note that all but two of Ali's claims have been previously litigated or waived. Issues 3, 6 and 8 were previously raised and addressed by this Court on direct appeal, *Commonwealth v. Ali*, 32 A.3d 280 (Table) (unpublished memorandum, filed July 25, 2011), and our Supreme Court denied allowance of appeal. *See Commonwealth v. Ali*, 613 Pa. 649 (Dec. 28, 2011). *See also* 42 Pa.C.S.A. § 9544(a)(2), (3). Ali's claims in issues 4,[6] 5, 7 and 10 have been waived. *See* 42 Pa.C.S.A. § 9453(a)(3), (4).

---

[6] We note that Ali numbers this issue as 7 in the Argument section of his brief. To the extent that Ali baldly asserts at the end of his argument that trial and appellate counsel were ineffective for failing to argue that Ali should have been tried in federal court since this involved a bank robbery, we find no relief is due. The Commonwealth charged Ali with murder and robbery of two victims, in violation of the Pennsylvania Crimes Code. Ali's claim that the court of common pleas had no jurisdiction is meritless. *See* (Footnote Continued Next Page)

Ali's properly raised claims, issues 1, 2 and 9, afford him no relief. We agree with the PCRA court's determination that the disposition of Ali's petition was not subject to an unconstitutional delay, that the court's consideration of the Commonwealth's untimely motion did not prejudice Ali, and that counsel were not ineffective in for presenting multiple defenses at trial. *See* PCRA Court Opinion, 1/11/17, at 6-7, 9.

Accordingly, we affirm the order denying Ali's petition for post-conviction relief, and we do so on the basis of Judge Minehart's opinion. We direct the parties to attach a copy of this opinion in the event of further proceedings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/11/2017

*(Footnote Continued)* ─────────

***Commonwealth v. Fears***, 86 A.3d 795 (Pa. 2017) (counsel cannot be deemed ineffective for failing to raise a meritless claim).

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | COURT OF COMMON PLEAS OF PHILADELPHIA |
| | : | |
| VS. | : | CRIMINAL TRIAL DIVISION |
| | : | CP-51-CR-0000683-2008 |
| MUSTAFA ALI | : | **FILED** |

JAN 1 1 2017

Appeals/Post Trial
Office of Judicial Records

OPINION

## PROCEDURAL HISTORY

Defendant, Mustafa Ali, was charged with two counts of Murder of the First Degree, two counts of Robbery-Inflict Serious Bodily Injury, Attempted Murder, Carrying a Firearm without a License, Possessing an Instrument of Crime, generally, Recklessly Endangering another Person and various other charges stemming from an incident that occurred on October 4, 2007, during which defendant shot and killed Joseph Alullo and William Widmaier, two armored truck guards, while committing a robbery.

Mr. Ali was tried before this Court and a jury in February of 2010. At the conclusion of the trial, the jury found Mr. Ali guilty of two counts of Murder of the First Degree, two counts of Robbery-Inflict Serious Bodily Injury, Carrying a Firearm without a License and Recklessly Endangering another Person.[1] Following a penalty hearing, the jury sentenced defendant to life imprisonment. On February 25, 2010, this Court imposed two consecutive life sentences

---

[1] The defendant was acquitted of attempted murder.

1

without parole for the first-degree murder charges. The defendant was also sentenced to 10 – 20 years confinement on both counts of Robbery-Inflict Serious Bodily Injury, both to run concurrently to the life sentences for murder. The defendant was also sentenced to 3 ½ - 7 years for Carrying a Firearm without a License and 2 ½ - 5 years for Recklessly Endangering Another Person; both sentences to run concurrently to the mandatory life sentences.

Following the imposition of sentencing, the defendant filed a Notice of Appeal on March 17, 2010, as well as a requested Pa.R.A.P. 1925(b) statement. On July 25, 2011, the Superior Court issued a memorandum and order affirming the judgment of sentence. (736 EDA 2010). Defendant thereafter filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on December 28, 2011. (509 EAL 2011).

On August 28, 2012, defendant filed a petition pursuant to the Post-Conviction Relief Act, (hereinafter PCRA) 42 Pa.C.S. § 9541 *et seq*. Following review by the Philadelphia County Post-Conviction Unit, counsel was appointed to represent defendant on November 19, 2013, which respect to his PCRA petition. Defendant thereafter filed motions to remove court-appointed counsel and to proceed *pro se*. A Grazier hearing was held on November 3, 2015, and at its conclusion, defendant was granted the right to represent himself.[2] Subsequent thereto, the Commonwealth filed a response to defendant's filings as well as a Motion to Dismiss, and on October 18, a video hearing was held during which defendant presented his arguments as to why he was entitled to post-conviction collateral relief. At the conclusion of the hearing this Court having carefully reviewed the entire record and the parties' filings advised defendant that it found defendant's claims lacking in merit. Subsequent thereto, this Court sent defendant a Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907. On November 29, 2016, this Court

---

[2] Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1988).

2

convened a video hearing for the purpose of formally advising defendant that his request for PCRA relief was being denied. Defendant refused to participate in the hearing. Nevertheless, this Court dismissed defendant's PCRA petition.

On December 20, 2016, defendant filed *pro se* a notice of appeal and a Pa.R.A.P. 1925(b) Statement of Matters complained of on appeal.

## FACTUAL HISTORY

On October 4, 2007, at approximately 7:43 am, 36-year old Mustafa Ali followed a Loomis Armored truck to an ATM machine at the Police and Fire Federal Credit Union on Castor Avenue in Northeast Philadelphia. Mr. Ali parked his newly purchased Acura TL Type "S" a block away and watched Loomis guards, William Widmaier (age 65) and Joseph Alullo (age 54) service the Credit Union ATM machine. Mr. Ali then returned to his car, drove around the block and proceeded to follow the Loomis Armored vehicle to the Wachovia Bank ATM machine in the Roosevelt Shopping Center on Bustleton Avenue in Philadelphia.[3] According to his statement, Mr. Ali watched the two Loomis guards as they began servicing the Wachovia ATM machine. At approximately 8:08 a.m., Mr. Ali got out of his car and approached the two Loomis guards.

As Mr. Ali neared William Widmaier and Joe Alullo, a shot was fired and struck the driver's side window of the Loomis Armored truck. Although the bullet did not penetrate the window, the vehicle's driver, Joseph Walczak (age 70) was knocked to the deck of the truck by a shard of glass that separated from the window.[4] Before being struck, Mr. Walczak saw Mr.

---

[3] According to the testimony of Joseph Walczak, Joseph Alullo stated that he believed that their vehicle was being followed. This information prompted Mr. Widmaier, the crew chief, to change their route and go to the Wachovia Bank at the Roosevelt Mall instead of their next intended ATM location.

[4] The decedents, William Widmaier and Joseph Alullo were both retired police officers. The driver, Joseph Walczak had worked in the security business most of his career.

3

Alullo walking toward the truck as well as a black male, with a baseball cap and dark clothes, holding a gun and firing it. Walczak heard four or five shots. (N.T. 2/2/10, at 82).

Subsequent thereto, Walczak raised his head and saw William Widmaier and Joe Alullo lying on the ground. The black male, however, was gone. A video camera captured what had occurred and showed the defendant approach Mr. Widmaier on the ground and take a canvas money bag situated nearby. The police and rescue personnel thereafter arrived and Joseph Walczak was taken to Frankford Hospital, Torresdale Division where he was treated for lacerations. He was later taken to police headquarters to give a statement.

Following the incident, the police secured the scene and the assigned detective, Detective Stephen Buckley began processing it for evidence. In the course of doing so, police took 140 photographs of the scene, recorded a 31-minute videotape of the scene, and examined the armored car both inside and out. After thoroughly inspecting and processing the armored car, Detective Buckley determined further processing of it was unnecessary and the vehicle was returned to Loomis.

On October 5, 2007, an arrest warrant was issued for the defendant in Bucks County, Pennsylvania, on charges of theft by deception, receiving stolen property and passing a bad check during the purchase of the black 2007 Acura TL Type "S." Mr. Ali was arrested at his home at 3850 Woodhaven Road, Apartment 1505 in Philadelphia on the warrant that same day and was taken directly to the Homicide Division of the Philadelphia Police Department for questioning in connection with the robbery and homicide of the two Loomis guards the day before.

At approximately 7:30 pm on Friday, October 5, 2007, Mr. Ali discussed his options with Detective Charles Boyle in an interview room at the Homicide Division. Detective Boyle

4

testified that in response to a question posed by the defendant, he told the defendant that his options were "life or death." At approximately 8:05 p.m., the defendant gave a voluntary written statement to Detectives Charles Boyle and Dominic Mangoni in which he admitted attempting to rob the Loomis guards, firing eight shots from his gun and killing Joseph Alullo and William Widmaier. Defendant also admitted to discarding his clothing and the DeWalt gloves that he was wearing when the shooting occurred as well as burying the Ruger 9 mm gun he used in the incident. Following his statement, defendant drew a map of the location of the discarded gloves and buried gun. According to the testimony of Detective Boyle, defendant was fully informed of his <u>Miranda</u> rights and at no time during the course of the interview did he appear to be in distress nor did he ever ask to stop the interview or invoke his right to counsel. The interview, which lasted a total of an hour and 50-minutes, ended at 9:55 p.m. Based on what the defendant told them, police recovered evidence from a sewer on Townsend Road and nearby field. A search warrant for defendant's apartment also resulted in the recovery of relevant evidence from the defendant's personal computer.

## DISCUSSION

This Court begins by noting that in reviewing the propriety of a PCRA court's dismissal of a petition without a hearing, the reviewing court is limited to determining whether the court's findings are supported by the record and whether the order in question is free of legal error. <u>Commonwealth v. Holmes</u>, 905 A.2d 707, 509 (Pa. Super. 2006) citing <u>Commonwealth v. Halley</u>, 870 A.2d 795, 799 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. <u>Commonwealth v. Carr</u>, 768 A.2d 1164, 1166 (Pa. Super. 2001). A PCRA court may decline to hold a hearing on the petition if the petitioner's claims are patently frivolous and is without a trace of support either in the record or

5

from other evidence. Commonwealth v. Jordan, 772 A.2d 1011, 1014 (Pa. Super. 2001). The reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing. Id. See also Commonwealth v. Hardcastle, 701 A.2d 541, 542 (Pa. 1997). Under these standards it is submitted that no error waws committed in denying defendant post-conviction collateral relief as the following discussion will show.

In his *pro se* 1925(b) statement, defendant raised ten issues. In his first claim, defendant seeks relief because of the delay in reaching a decision in his PCRA matter. It appears that the test set forth in Barker v. Wingo, 407 U.S. 514 (1972), with regard to the constitutional right to a speedy trial applies to this claim. See Commonwealth v. West, 938 A.2d 1034 (Pa. 2007) (stating Pennsylvania courts have applied the Barker factors in the context of post-conviction delay in sentencing). In Barker, the United States Court applied a four pronged test to a criminal defendant's claim that a procedural delay constituted a due process violation, which includes: (1) whether the delay itself was sufficient to trigger further inquiry; (2) if so, the reason for the delay; (3) whether the defendant timely asserted his rights; and (4) whether there was any prejudice to the defendant from the delay. Commonwealth v. Fox, 953 A.2d 808 (Pa. 2008).

The prejudice necessary to afford a defendant relief for delay must be "actual prejudice" West, 938 A.2d at 1049. "No Pennsylvania court has declared that delay in addressing a PCRA petition is *prima facie* sufficient to establish actual prejudice." Commonwealth v. Burkett, 5 A.3d 1260, 1276-1281 (Pa. Super. 2010). Rather, the petitioner must demonstrate that "the delay would have likely led to the outcome of his PCRA proceeding having been different." Burkett, supra, citing West, supra.

6

Instantly, applying the four criteria set forth above the record shows that the delay in disposing of this matter was over four years, which delay resulted from a backlog of PCRA filings in the Philadelphia PCRA Unit, thereby limiting its ability to review the petitions filed with it quickly, a delay in appointing counsel and the fact that appointed counsel did either an amended petition or a no-merit letter, and the limited availability of times for holding video hearings. In addition, defendant first raised the issue of delay in his response to the Rule 907 notice sent to defendant. Finally, petitioner has neither alleged not established that the delay prejudiced him. For all of these reasons, it is clear that this claim lacks merit and it is respectfully suggested that defendant be denied relief with respect to this claim.

Defendant next complains that this Court should not have considered the Commonwealth's Motion to Dismiss and its accompanying memorandum, an issue defendant raised in his Rule 907 response, because the Commonwealth's response was untimely filed. Whether or not this Court considered the untimely memorandum is not an issue upon which defendant may obtain relief because this Court determined, after a careful and complete review of the record, that the issues defendant raised in support of his request for post-conviction collateral relief all lacked merit. Therefore, because the record itself shows that defendant is not entitled to relief, the fact that the Commonwealth's response may have been untimely filed has not legal significance, and therefore, it is suggested that relief be denied with respect to this claim.

In his next several claims, defendant asserts the following: 1.) this Court erred by ruling that his arrest was not pretextual; 2.) he was not provided an opportunity to challenge this Court's subject matter jurisdiction; 3.) he was deprived of due process because of comments made by the prosecutor; 4.) this Court erred by not suppressing his statement because of

7

unnecessary delay; 5.) this Court erred by ruling that psychiatric testimony was not admissible during the guilt phase of the trial; 6.) this Court erred by giving an erroneous jury instruction on the charge of first-degree murder; and 7.) this Court erred by ruling that defendant's confession was given voluntarily. It is submitted that no relief should be granted on any of these claims because each of them could have been raised previously and/or were raised previously and determined to be lacking in merit.

An issue has previously litigated under the PCRA when either "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue," or where the issue "has been raised and decided in a proceeding collaterally attacking the conviction or sentence." 42 Pa.C.S. § 9544(a). An issue raised in a PCRA petition is considered waived where the petitioner could have raised the issue, but failed to do so, before trial, at trial, on appeal, or during a prior post-conviction proceeding. § 9544(b). A petitioner bears the burden of demonstrating that the issues being litigated have not been previously litigated or waived. Commonwealth v. Albrecht, 994 A.2d 1091, 1093 (Pa. 2010) (quoting Commonwealth v. Clark, 961 A.2d 80, 84-85 (Pa. 2008); citing § 9543(a)(3)); Commonwealth v. Spotz, 47 A.3d 63, 76 (Pa. 2012) "At the PCRA stage, claims of trial court error are either previously litigated (if raised on direct appeal) or waived (if not)." Commonwealth v. Reyes-Rodriguez, 111 A.3d 775, 780 (Pa. Super. 2015) (en banc) (citing Commonwealth v. Spotz, 18 A.3d 244, 260-61 (Pa. 2011)).

Instantly, the issues set forth above were either raised previously or could have been raised previously.[5] Therefore, it is submitted that no relief should be forthcoming with respect to these issues.

Finally, defendant asserts that trial counsel were ineffective for presenting multiple defenses at trial. According to defendant, his attorneys requested that the jury be instructed on the crime of third-degree murder but then, after the jury was so charged, counsel objected to the giving of the charge. (N.T. 2/26/10, 23-24, 125, 129; 2/17/10, 60-61). Pennsylvania law presumes counsel is effective and therefore, the burden is placed upon the defendant to prove otherwise. Commonwealth v. Brown, 767 A.2d 576, 581 (Pa. Super. 2001), citing Commonwealth v. Carpenter, 725 A.2d 154, 161 (Pa. 1999), citing Commonwealth v. Marshall, 633 A.2d 1100 (Pa. 1993); see also Commonwealth v. Baker, 614 A.2d 663, 673 (Pa. 1992). Trial counsel has broad discretion in matters of trial strategy and the determination of what tactics to employ during litigation. Commonwealth v. Choi Chun Lam, 684 A.2d 153, 160 (Pa. Super. 1996). Furthermore, "[i]t is well established that failed trial tactics of defense counsel are not grounds for a new trial." Commonwealth v. Hall, 565 A.2d 144, 148 (Pa. 1989). Trial counsel will not be held ineffective if there was a reasonable strategic basis for his or her trial tactics. Commonwealth v. Pursell, 724 A.2d 293, 311 (Pa. 1999).

In order to establish that trial counsel's representation was deficient, defendant must establish all of the following three elements, as set forth in Commonwealth v. Pierce, 527, A.2d

---

[5] On direct appeal, defendant asserted that 1.) this Court erred by denying his motion to suppress his confession because his arrest was without probable cause and it was not voluntary; 2.) This Court erred by denying his motion to suppress physical evidence; 3.) this Court erred by denying a motion seeking to preclude the Commonwealth from proceeding on first-degree murder on account of spoliation of exculpatory evidence; and this Court erred by permitting the introduction of irrelevant life-in-being testimony.

9

973, 975-76 (Pa. 1987): (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness. Commonwealth v. Chmiel, 30 A.3d 1111, 1127 (Pa. 2011), citing Commonwealth v. Dennis, 950 A.2d 945, 954 (Pa. 2008).

The threshold question in reviewing an ineffectiveness claim is whether the issue, argument, or tactic which trial counsel failed to use at trial and which is the basis of the ineffectiveness claim is of arguable merit. Commonwealth v. Balodis, 747 A.2d 341, 343 (Pa. 2000). If defendant can prove that the argument or tactic which trial counsel failed to use at trial is of arguable merit, then the "reasonable basis" test is applied to determine if the course of action chosen by trial counsel was designed to effectuate his or her client's interest. Id. With regard to the second element, defendant must prove that "an alternative [action or inaction] not chosen offered a potential for success substantially greater than the course actually pursued." Chmiel, supra, citing Commonwealth v. Williams, 899 A.2d 1060, 1064 (Pa. 2006) (alteration added). To establish prejudice, defendant must demonstrate that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. Chmiel, supra, at 1127-28, citing Dennis, supra, at 954.

Further, "[i]f it is clear that if a defendant has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met." Commonwealth v. Rios, 920 A.2d 790, 799 (Pa. 2007), citing Commonwealth v. Albrecht, 720 A.2d 693, 701 (Pa. 1998). A PCRA proceeding requires a defendant to establish that counsel's ineffectiveness "so undermined the truth-determining process that no reliable

10

adjudication of guilt or innocence could have taken place." <u>Rios</u>, <u>supra</u>, citing <u>Pierce</u>, <u>supra</u>, at 221–22; <u>Commonwealth v. Kimball</u>, 724 A.2d 326, 333 (Pa. 1999).

A review of the record shows that the claim was properly deemed lacking in merit because defendant cannot establish that counsel's actions were unreasonable or that he was prejudiced by counsel's actions. First, the request that the jury be charged on third degree murder was reasonable because third degree murder carries a lesser sentence and, according to the defense theory of the case, defendant did not act with specific intent to kill. There was no prejudice because the alleged confusion in the theory of the defense was never revealed to the jury, as counsel's objection to the charge was made at side bar and because the evidence of guilt was overwhelming. It cannot be said that had counsel settled on a single defense the outcome of the matter would have been different. Accordingly, it is suggested that relief be denied with respect to this claim.

## CONCLUSION

For the foregoing reasons, the defendant's assertions of error should be dismissed for lack of merit and the order entered in this matter should be affirmed.

By the Court,

DATE: 1/10/17

Honorable Jeffrey P. Minehart

11