J-S69027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KAREEM AHMED HENSON | : | |
| | : | |
| Appellant | : | No. 2718 EDA 2018 |

Appeal from the PCRA Order Entered August 23, 2018,
in the Court of Common Pleas of Delaware County,
Criminal Division at No(s): CP-23-CR-0000914-2009.

BEFORE:   SHOGAN, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED FEBRUARY 06, 2020**

Kareem Ahmed Henson appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  42 Pa.C.S.A §§ 9541-46.  We affirm in part and reverse in part the PCRA court's order, and remand for further proceedings.

The relevant factual and procedural history can be summarized as follows.[2]  Henson, the maintenance man at an apartment complex, stored

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 42 Pa.C.S.A. § 9541-9546.

[2] For a more detailed recitation of the factual and procedural history underlying this appeal, **see Commonwealth v. Henson**, 37 A.3d 1234 (Pa. Super. 2011) (unpublished memorandum).

drugs and other items in the apartment of one of the tenants, with her consent. Police obtained a warrant to search the apartment, and found the stored items, which included 917 grams of cocaine, drug paraphernalia, two cell phones and cash. Henson was arrested and charged with possession of a controlled substance with intent to deliver ("PWID") and related offenses. In 2010, a jury convicted him of PWID and conspiracy.[3] On May 14, 2010, the trial court sentenced him to seven to twenty years for PWID, which included a mandatory minimum sentence imposed pursuant to 18 Pa.C.S.A. § 7508, because Henson was a repeat offender, and he possessed over 100 grams of cocaine.[4] The trial court additionally imposed a consecutive prison term of one to ten years for conspiracy. This Court affirmed the judgment of sentence on October 18, 2011. *See Henson*, 37 A.3d 1234 (unpublished memorandum). Henson did not seek allowance of appeal with our Supreme Court.

On October 24, 2012, Henson filed a *pro se* PCRA petition raising six claims of trial counsel ineffectiveness. The PCRA court appointed counsel, who filed an amended PCRA petition in 2013 asserting the ineffectiveness of direct

---

[3] 35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. § 903.

[4] Pursuant to 18 Pa.C.S.A. § 7508(3)(iii), a person convicted of PWID involving cocaine shall be sentenced to a mandatory minimum term of seven years of imprisonment "when the aggregate weight of the compound or mixture of the substance involved is at least 100 grams," and "at the time of sentencing the defendant has been convicted of another drug trafficking offense."

appeal counsel for failing to seek allowance of appeal in the Pennsylvania Supreme Court. The PCRA court conducted an evidentiary hearing on January 21, 2015, solely on the issue of direct appeal counsel's ineffectiveness. On August 23, 2018, the PCRA court dismissed the petition. Henson filed a timely *pro se* notice of appeal.[5] Both Henson and the PCRA court complied with Pa.R.A.P. 1925.

Henson raises the following issues for our review:

1. Whether the mandatory minimum sentence levied pursuant to 18 Pa.C.S.A. § 7508 on the [PWID] charge is illegal because that statute is unconstitutional pursuant to **Commonwealth v. DiMatteo**, 644 Pa. 463, 177 A.3d 182 (2018)?

2. Whether the [PCRA] court erred in denying Henson's [PCRA] petition and in not granting him leave to file a *nunc pro tunc* petition for allowance of appeal to the Pennsylvania Supreme Court, where prior counsel was constitutionally ineffective in not timely informing him of the Superior Court's decision on direct appeal after sending that decision using an incorrect inmate number and, as such, it was not received by . . . Henson in time to file a timely petition for allowance of appeal to the Pennsylvania Supreme Court?

3. Whether the [PCRA] court erred in denying . . . Henson's [PCRA] petition without hearing evidence on or resolving all the claims he raised in it?

Henson's Brief at 5 (some capitalization omitted).

_____

[5] By this time, Henson had retained private PCRA counsel. His private PCRA counsel also filed a notice of appeal and a petition to withdraw from representation. The PCRA court held a hearing on October 22, 2018, to address the dual notices of appeal, and counsel's petition. The PCRA court granted private PCRA counsel's petition to withdraw, and appointed new PCRA appellate counsel for Henson.

In his first issue, Henson challenges the mandatory minimum sentence of seven years imposed pursuant to § 7508 for PWID. This claim was not presented to or addressed by either the trial court or the PCRA court. *See* Pa.R.A.P. 302(a) (providing that issues not raised in the lower court are waived and cannot be raised for the first time on appeal). However, a challenge to the imposition of a mandatory minimum sentence constitutes a challenge to the legality of the sentence. *See Commonwealth v. Foster*, 17 A.2d 332, 345 (Pa. 2011). A challenge to the legality of a sentence is never waived so long as a court has jurisdiction to address the claim. *See Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005).[6] The question of whether a claim implicates the legality of a sentence presents a pure question of law. *Foster*, 17 A.3d at 340 n.13. Issues relating to the legality of a sentence are reviewed *de novo,* and our scope of review is plenary. *Commonwealth v. Infante*, 63 A.3d 358, 363 (Pa. Super. 2013).

Henson contends that, subsequent to his conviction and sentencing, the Pennsylvania Supreme Court in *DiMatteo*, *supra*, declared the mandatory minimum sentence set forth § 7508 unconstitutional pursuant to *Alleyne v. United States*, 133 S. Ct. 2151 (2013). On this basis, Henson argues that his mandatory minimum sentence for PWID is illegal, and should be vacated.

---

[6] As Henson filed a timely PCRA petition, and a timely notice of appeal from the dismissal of that petition, this Court has jurisdiction to address his legality of sentencing claim.

We briefly review the developments in this area of the law. On June 17, 2013, the United States Supreme Court held in **Alleyne** that sentencing schemes, which predicated the imposition of a mandatory minimum sentence on a fact found by the sentencing court by a preponderance of the evidence, rather than by a jury beyond a reasonable doubt, were unconstitutional. The effect of **Alleyne** in this Commonwealth was the invalidation of a number of similarly-patterned mandatory minimum sentencing statutes as unconstitutional, which were challenged on direct appeal.[7]

Importantly, the **Newman** Court held that **Alleyne** applied only to cases pending on **direct** review as of June 17, 2013, which is the date it was decided. **Newman**, 99 A.3d at 90. Furthermore, this Court has declined to give **Alleyne** retroactive effect to cases on timely collateral review when the petitioner's judgment of sentence was finalized before **Alleyne** was decided. **DiMatteo**, 177 A.3d at 188 (citing **Commonwealth v. Riggle**, 119 A.3d 1058 (Pa. Super. 2015)).

---

[7] **See**, **e.g. Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015) (holding 18 Pa.C.S.A. § 6317 unconstitutional because it allowed a judge to increase a sentence for conviction of drug offenses based on the occurrence of the offense within 1,000 feet of a school and that such legislatively mandated fact-finding could not be severed); **Commonwealth v. Newman**, 99 A.3d 86, 98-102 (Pa. Super. 2014) (*en banc*) (declaring the mandatory minimum sentence under 42 Pa.C.S.A. § 9712.1 unconstitutional because it increased the penalty for certain drug offenses when a judge finds, by a preponderance of the evidence, that at the time of the offense, the offender was in possession of a firearm).

Here, although Henson filed a timely PCRA petition, his judgment of sentence became final in 2011,[8] and was no longer pending on direct review when **Alleyne** was decided in 2013.  Thus, because Henson's judgment of sentence was finalized before **Alleyne** was decided, his **Alleyne** challenge to his mandatory minimum sentence under § 7508 warrants no relief.

In his second issue, Henson contends that the PCRA court erred in dismissing his claim that direct appeal counsel was ineffective.  Our standard of review of the PCRA court's order is well-settled:

> We review an order dismissing a PCRA petition in the light most favorable to the prevailing party at the PCRA level.  This review is limited to the findings of the PCRA court and the evidence of record.  We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.  This Court may affirm a PCRA court's decision on any grounds if the record supports it.  Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record.  However, we afford no such deference to its legal conclusions.  Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Additionally, when a petitioner alleges trial counsel's ineffectiveness in a PCRA petition, the petitioner must plead and prove:

---

[8] As noted above, Henson's direct appeal to this Court was denied by memorandum opinion on October 18, 2011.  As no petition for allowance of appeal was filed in our Supreme Court, Henson's judgment of sentence became final thirty days later, when the appeal period expired on November 17, 2011.

(1) that the underlying claim has arguable merit; (2) that no reasonable basis existed for counsel's actions or failure to act; and (3) that the petitioner suffered prejudice as a result of counsel's error. To prove that counsel's chosen strategy lacked a reasonable basis, a petitioner must prove that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. Regarding the prejudice prong, a petitioner must demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness[,] the petitioner must advance sufficient evidence to overcome this presumption.

*Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016) (internal citations and quotation marks omitted).

Here, Henson argues that the PCRA court erred in dismissing his claim that direct appeal counsel was ineffective. Henson argues that he sent multiple letters to counsel inquiring of the status of his direct appeal, and requesting that counsel file a petition for allowance of appeal in our Supreme Court. Henson maintains that he received no response to his inquiries. Henson further asserts that he did not learn of this Court's denial of his direct appeal until after the period in which to file a petition for allowance of appeal in our Supreme Court had expired. Henson indicates that his direct appeal counsel purported to send correspondence to him, but used an incorrect inmate number.

Notably, Henson does not acknowledge, let alone discuss, the three prongs of the test for ineffectiveness. When an appellant fails to set forth all three prongs of the ineffectiveness test and to meaningfully discuss them, he

is not entitled to relief, and we are constrained to find such claims waived for lack of development. **See Commonwealth v. Steele**, 961 A.2d 786, 797 (Pa. 2008). Accordingly, Henson's claim of ineffective assistance of direct appeal counsel is waived for lack of development. **Id**.

In his final issue, Henson contends that the PCRA court erred in dismissing his petition without addressing, or hearing evidence on, the issues he raised in his *pro se* PCRA petition. He claims that, although the PCRA court conducted an evidentiary hearing on January 21, 2015, the sole issue addressed at that hearing was whether direct appeal counsel notified Henson of his appellate filing deadlines.

Here, the record reflects that Henson filed a *pro se* PCRA petition in which he raised six claims of trial counsel's ineffectiveness.[9] *Pro Se* PCRA Petition, 10/24/12, at 3. His appointed counsel then filed an amended PCRA petition raising the additional claim that direct appeal counsel was ineffective for failing to file a petition for allowance of appeal in the Supreme Court. Amended PCRA Petition, 10/2/15, at ¶¶ 1-22. In the amended PCRA petition, counsel specifically requested that, should the PCRA court decline to reinstate Henson's right to seek allowance of appeal in our Supreme Court *nunc pro*

---

[9] Henson claimed, *inter alia*, that trial counsel failed to request a curative instruction, and failed to object to prosecutorial misconduct, an improper jury charge, a "surprise witness," and hearsay testimony. *Pro Se* PCRA Petition, 10/24/12, at 3.

*tunc*, that he be granted "additional time to file a second amended petition . . . with respect to any other issues raised by [Henson] in his *pro se* [PCRA] petition." *Id*. at ¶¶ 25, 26.[10]  At that January 21, 2015, evidentiary hearing, the prosecutor confirmed with defense counsel that the only issue to be addressed at the hearing was the alleged ineffectiveness of direct appeal counsel, and that "should there be the need for additional testimony or presentation[,] that would occur on a different day." N.T. PCRA Hearing, 1/21/15, at 3.[11]

Based on the record before us, we conclude that the parties intended that the PCRA court **first** decide whether direct appeal counsel was ineffective, and that, in the event that claim was unsuccessful, the parties would **then** address Henson's remaining *pro se* claims of trial counsel ineffectiveness.  The Commonwealth agrees that this was the parties' understanding. Commonwealth Brief at 19.  Nevertheless, upon deciding the singular issue of

_____

[10] The docket reflects that Henson subsequently retained private counsel who substituted his appearance on December 4, 2014, and filed a second amended PCRA petition on January 8, 2015.  The PCRA court also references these docket entries.  **See** PCRA Court Opinion, 2/8/19, at 10.  However, the certified record does not contain either the substitution of appearance by private counsel, or the second amended PCRA petition.  Nonetheless, these omissions in the record do not affect our disposition.

[11] Logically, this agreement would conserve time and judicial resources, as a ruling that direct appeal counsel was in fact ineffective, such that Henson's direct appeal rights should be reinstated, would obviate the need to pursue any further PCRA claims, including Henson's *pro s*e claims of trial counsel ineffectiveness.

direct appeal counsel's ineffectiveness, the PCRA court dismissed Henson's PCRA petition in its entirety, without permitting him to develop his remaining claims. The Commonwealth concedes that the case should be remanded to permit Henson to develop his remaining claims. *Id*. Accordingly, we remand this matter to the PCRA court for another hearing to permit Henson to develop the additional claims raised in his *pro se* petition and in the second amended petition.

PCRA Order affirmed in part, and reversed in part. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/6/20